UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ELLEN MICHELLE NOWLIN a/k/a
ELLEN MICHELLE WHEELER,

    Plaintiff,

v.

FANNIE MAE a/k/a FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, and OCWEN
LOAN SERVICING, LLC,

    Defendants.
_____/

Civil Action No. 15-13309
Honorable Sean F. Cox
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS [R. 3]
AND DISMISS THE COMPLAINT WITH PREJUDICE**

**I.**    **INTRODUCTION**

Plaintiff Ellen Michelle Nowlin ("Nowlin") filed this action in state court against Federal National Mortgage Association ("Fannie Mae") and Ocwen Loan Servicing, LLC ("Ocwen"; collectively "defendants") challenging the validity of a foreclosure sale of residential property located at 5807 Shetland Way, Waterford, Michigan (the "Property"). [R. 1-1]. Defendants removed the action to this Court and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [R. 3], which is before the undersigned for Report and Recommendation. Because Nowlin fails to state a plausible claim to

relief, the Court **RECOMMENDS** that defendants' motion to dismiss [R. 3] be **GRANTED** and the complaint be **DISMISSED WITH PREJUDICE**.

## II.   BACKGROUND

On June 24, 2008, Nowlin obtained a loan for $119,825.00 (the "Loan") from non-party Quicken Loans, Inc.  [R. 3-2, PgID 63].  To secure the Loan, Nowlin granted a mortgage on the Property (the "Mortgage") to Mortgage Electronic Registration System, Inc. ("MERS"), solely in its capacity as nominee for the lender and its successors and assigns.  [*Id.*, PgID 64].  The Mortgage includes language permitting the lender and its successors and assigns to accelerate repayment of the Loan and to sell the Property at foreclosure sale in the event of Nowlin's uncured default.  [*Id.*, PgID 74].  On September 20, 2013, MERS assigned the Mortgage to Ocwen (the "Assignment").  [R. 3-3].

Nowlin subsequently defaulted on the Loan, and Ocwen commenced foreclosure-by-advertisement proceedings, scheduling a foreclosure sale for March 3, 2015.  Notice of the sale was published in the Oakland County Legal News on January 27, February 3, February 10 and February 17, 2015, and was posted in a conspicuous place on the Property on January 30, 2015.  [R. 1-1, PgID 29-30].  Fannie Mae purchased the Property at the March 3 foreclosure sale, and a Sheriff's Deed to Fannie Mae was

recorded at the Oakland County Register of Deeds.  [*Id.*, PgID 26].

Nowlin filed this action in state court on September 2, 2015, and defendants removed the case to this Court based on diversity jurisdiction. [R. 1; R. 1-1].  The redemption period expired the following day without Nowlin redeeming the Property.  [R. 1-1, PgID 31; R. 8, PgID 113].

## III. ANALYSIS

Nowlin alleges eight causes of action in the complaint: quiet title (Count I); breach of M.C.L. § 600.3208 (Count II); "breach of implied agreement/specific performance" (Count III); "innocent/negligent misrepresentation" (Count IV); promissory estoppel (Count V); unjust enrichment (Count VI); "unfair practice" (Count VII); and "injunction and other relief" (Count VIII).  [R. 1-1].  Defendants argue that the Court should dismiss the action under Fed. R. Civ. P. 12(b)(6) because the complaint consists entirely of vague legal conclusions couched as factual allegations, which fall short of the requisite pleading standards; and because each of Nowlin's claims fail as a matter of law.  The Court agrees.

### A.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the

claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56). In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

4

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.   Quiet Title (Count I) and Breach of M.C.L. § 600.3208 (Count II)

In Count I, Nowlin alleges that defendants breached M.C.L. § 600.3208 by failing to post a notice of foreclosure in a conspicuous place on the Property within 15 days after the first publication of the notice in the newspaper.[1] In her claim to quiet title (Count II), Nowlin alleges that the title to the Property ended up in the name of defendant as a result of the foreclosure sale that violated § 600.3208. Both claims fail, as Nowlin is

---

[1] In her brief, Nowlin also contends that defendants failed to comply with the notice requirements of M.C.L. §§ 600.3204(4) and 600.3205a(3). However, subsection 4 of § 600.3204 was deleted by recent amendment, and § 600.3205a was repealed.

5

attempting to set aside the foreclosure sale after expiration of the redemption period.

"[A]fter the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 Fed. Appx. 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted). Any allegations of fraud must be pleaded with particularity and any alleged irregularity in the foreclosure procedure must suggest prejudice – that the plaintiff would be in a better position absent the irregularity. *Id.* Here, the six-month redemption period expired on September 3, 2015 without Nowlin redeeming the Property, and she has not pleaded with particularity any allegations of fraud or alleged any prejudicial irregularity related to the foreclosure process itself.[2] Thus, no basis exists for the Court to entertain these claims or entertain setting aside the foreclosure sale.

---

[2] Nowlin's vague suggestion in her response to the motion to dismiss that she may be able to show fraud or irregularity is insufficient. [R. 8, PgID 114].

### C. Breach of Implied Agreement/Specific Performance (Count III), Innocent/Negligent Misrepresentation (Count IV), and Promissory Estoppel (Count V)

The statute of frauds bars Nowlin's breach of implied agreement/specific performance (Count III), innocent/negligent misrepresentation (Count IV), and promissory estoppel (Count V) claims. The statute of frauds deems unenforceable a promise or commitment from a financial institution to modify performance of a loan, waive a provision of a loan, or make any other financial accommodation, unless it is in writing and signed by an authorized agent of that institution. M.C.L. § 566.132(2). "This statute 'plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise.'" *Nadratowski v. Mortg. Elec. Reg. Sys.*, No. 14-14010, 2015 WL 519242, at *3 (E.D. Mich. Feb. 9, 2015) (quoting *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000)).

Each of these three claims is premised on an alleged promise to either modify the Loan or forego a remedy that the Loan/Mortgage provides: in Count III, Nowlin alleges that defendants assured her they would not schedule a Sheriff's Sale during the loan modification process so that she would not lose possession of the Property; in Count IV, she claims defendants promised to modify the Loan; and in Count V she claims

defendants promised that she would be considered for a loan modification. Nowlin does not allege the existence of a signed writing, and each of these promises falls within the purview of § 566.132(2).  *See Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 469 (6th Cir. 2012) ("the Michigan Court of Appeals has clearly interpreted § 566.132(2) to include promises to delay foreclosure sales, holding that an agreement to delay a foreclosure sale is an agreement to make a financial accommodation").  Thus, the statute of frauds bars these claims.

Nowlin's argument that defendants are not "financial institutions" within the meaning of the statute of frauds is without merit.  *See Miles v. Ocwen Loan Servicing, LLC*, No. 12-12674, 2014 WL 7272301, at *4 (E.D. Mich. Dec. 18, 2014) (Ocwen was a financial institution because it was licensed as a mortgage broker, lender and mortgage servicer); *Mullins v. Fed. Nat. Mortgage Ass'n,* No. 13-12340, 2013 WL 5707798, at *3 (E.D. Mich. Oct. 21, 2013) (applying statute of frauds to action against Fannie Mae).

### D. Unjust Enrichment (Count VI)

In Count VI, Nowlin claims that defendants would be unjustly enriched if the foreclosure sale and Sheriff's Deed were allowed to stand. Nowlin's unjust enrichment claim is without merit because an express

contract exists that is related to the disputed subject matter.

To succeed on an unjust enrichment claim under Michigan law, a plaintiff must establish that (1) the defendant received a benefit from him, and (2) it would be inequitable to him if the defendant retained the benefit. *Belle Isle Grill Corp. v. City of Detroit,* 256 Mich. App. 463, 478 (2003).  If a plaintiff establishes both elements, "the law will imply a contract in order to prevent unjust enrichment."  *Id.*  "However, a contract will be implied only if there is no express contract covering the same subject matter."  *Id.*

Here, Nowlin executed the Mortgage, which is an express contract covering the subject matter at issue.  The Mortgage governs the rights and responsibilities related to the Loan, including the right to foreclose if Nowlin defaults.  Thus, Nowlin's unjust enrichment claim fails as a matter of law.

### E. Unfair Practice (Count VII)

In Count VII of the complaint, Nowlin alleges that defendants engaged in an "unfair practice" by, among other acts, "robo-signing" documents without confirming their accuracy.  However, "there is no cause of action under Michigan law for a deceptive act or unfair practice."  *Ott v. Fed. Home Loan Mortgage Corp.*, No. 11-15153, 2012 WL 2359989, at *3 (E.D. Mich. June 21, 2012) (citing *Salman v. U.S. Bank, NA*, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct.18, 2011)).  This claim fails as a

matter of law.

### F. Injunction and Other Relief (Count VIII)

In Nowlin's final claim, she seeks preliminary and permanent injunctions prohibiting defendants from evicting her from the Property. For such an injunction to be warranted, Nowlin has the burden of showing a likelihood of success on the merits. *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015). Because all of the claims in the complaint lack merit, Nowlin is not entitled to an injunction.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to dismiss [R. 3] be **GRANTED** and that the complaint be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: March 21, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2016.

                                                s/Marlena Williams  
                                                MARLENA WILLIAMS  
                                                Case Manager